1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Robert Antoine Darden,

　　　　　Petitioner,

v.

Barbara von Blanckensee, et al.,

　　　　　Respondents.

No. CV-21-00042-TUC-JGZ

**ORDER**

　　　Robert Antoine Darden brings this petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the loss of 27 days of good conduct time credit after a prison disciplinary proceeding. Pending before the Court is a Report and Recommendation (R&R) by United States Magistrate Judge Leslie A. Bowman, recommending dismissal of the Petition. (Doc. 24.) Darden filed an Objection to the R&R and the Government filed a Response to the Objection. (Docs. 25 & 28.)  Darden subsequently filed a Motion for Leave to Respond to the Government's Response (Doc. 29), which the Court will grant, and Darden filed a proposed Rebuttal.  (Doc. 30.)

　　　After an independent review of the parties' briefing and the record, and for the reasons stated herein, the Court will adopt Magistrate Judge Bowman's recommendation and deny the Petition.

## STANDARD OF REVIEW

　　　When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider newly-raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

## I.     BACKGROUND

On October 12, 2012, Petitioner Darden was sentenced by the U.S. District Court for the Eastern District of Virginia to 600 months' imprisonment. (Doc. 24 at 2.)

### a.     First Disciplinary Hearing

On May 10, 2020, a prison official filed an Incident Report charging Darden with "fighting with another inmate." (*Id.*) On May 12, 2020, the Unit Disciplinary Unit (UDC) met regarding the incident. (*Id.*) Following the hearing, the Incident Report was referred to a Disciplinary Hearing Officer (DHO) for resolution. (*Id.*)

On May 19, 2020, the DHO conducted a hearing and found "Petitioner did commit the prohibited act of fighting with another person." (Doc. 11-1 at 5.) The DHO sanctioned Darden with 120 days loss of commissary privileges, 12 days of disciplinary segregation, and 27 days loss of good conduct time. (*Id.* at 5-6.)

### b.     Appeal of Disciplinary Hearing

Darden filed an administrative appeal and alleged a number of irregularities in the DHO hearing: (1) he was not given a copy of the Incident Report before the hearing; (2) he did not meet with his staff representative before the hearing; (3) his staff representative did not assist him with discovery; and (4) he alleged the DHO official was an "investigator." (Doc. 24 at 2-3.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Acting Regional Director considered the appeal, and, on September 8, 2020, remanded the Incident to the DHO for rehearing. (Doc. 1-1 at 7.)  The Director's decision informed Darden of the official's power to remand the action and Darden's appeal rights. As to the Director's authority to remand the action, the decision stated:

> You are requesting administrative relief regarding the decision of the Discipline Hearing Officer (DHO) on May 19, 2020, in which you were found to have committed the prohibited act of Fighting with another Person, Code 20 I.
>
> In appeal, the appropriate reviewing official may approve, modify, reverse, or send back with directions, including ordering a rehearing, any discipline action of the Unit Discipline Committee (UDC) or DI-IO, but may not increase any valid sanction imposed.
>
> We are requesting a DHO to rehear the matter referenced above.

(*Id*.)  As to Darden's appeal rights, the decision stated:

> After receipt of the *final report*, should you wish to further appeal this action, you must first submit your appeal to the appropriate level (institution level for UDC actions and regional office level for DHO actions). You should also include a copy of this response with your appeal to explain any delay in filing.
>
> This response is for informational purposes only.
>
> If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

(*Id*. (emphasis added).)  Darden received a copy of the rehearing order on October 1, 2020. (Doc. 25 at 5 n.1.)

**c.      Appeal of Remand Order**

Darden appealed the remand order to the Inmate Board of Appeals in paperwork that he dated October 1, 2020. (Doc. 11-2 at 21.) The appeal is marked received by the

Board on October 22, 2020. (*Id.*) In the appeal, Darden again asserted that his due process rights were violated at the May 19, 2020 DHO hearing. He also argued that "the Region's order to rehear a (5) month old incident only patents the aforesaid personnel's reckless disregard of my procedural due process rights." (*Id.*)  Darden asserted 28 C.F.R. § 541.8 does not permit re-hearings because a re-hearing would re-start a disciplinary process, which has long expired. (*Id*. at 22.)[1]  Darden requested that the Incident Report be expunged and his 27 days good time credit restored.  (*Id*. at 21.)

### d.      October 2020 Disciplinary Hearing

The rehearing was held six days later, on October 7, 2020.   (Doc. 11-1 at 6.) According to the DHO, Darden "chose not to call any witnesses, and he refused to sign a new copy of the Notice of Disciplinary Hearing before the DHO form." (*Id.*) Darden did not want a staff representative. (*Id*.) The DHO found that Darden was provided a copy of the Incident Report and, "based upon the greater weight of the evidence," found that Darden did commit the prohibited act of fighting with another person. (*Id.*) The DHO imposed the same sanctions: 120 days loss of commissary privileges, 12 days of disciplinary segregation, and 27 days loss of good conduct time. (Doc. 11-1 at 5-6.) Darden did not appeal the DHO's findings.

### e.      Rejection of appeal

Several months later, on April 22, 2021, the Board of Appeals denied Darden's appeal of the original May 2020 disciplinary hearing. The Board noted that the appeal asserted Due Process violations related to the May hearing, but that matter had been remanded by the Regional Director to the DHO for consideration and rehearing and a rehearing had been held.  The Board determined that Darden was required to file an appeal of the October 7 rehearing decision to the Regional Director for review and response before the Board would review the October 7 disciplinary proceedings.  (Doc. 11-2 at 23.)

---

[1]      Section 541.8 codifies the procedural due process requirements for prison disciplinary hearings including notice, an impartial decision-maker, and assistance from a staff representative.  28 C.F.R. § 541.8.

1

2

3
### f.      Petition for Writ of Habeas Corpus

On January 28, 2021, Darden filed the pending Petition pursuant to 28 U.S.C. §

4
2241, asserting four grounds for relief: (1) prison officials failed to provide him with timely

5
notice of the charge; (2) the DHO was not impartial; (3) his staff representative was

6
inadequate; and (4) the remand for new hearing violated his due process rights.  (Doc. 1 at

7
4-7.)

8
### g.      Report & Recommendation

The Magistrate Judge recommends dismissing the petition because Grounds One,

9

10
Two, and Three, challenging aspects of the first disciplinary hearing, became moot when

11
the disciplinary finding was reversed and a new disciplinary hearing was ordered. (Doc. 24

12
at 4.)[2]  The Magistrate Judge concluded Darden was not injured as a result of the May 12,

13
2020 hearing because, even if the irregularities occurred, they did not result in loss of good

14
conduct time as the sanctions were vacated.  The Magistrate Judge reasoned that because

15
the May hearing did not affect Darden's custody, habeas corpus relief was not available.

16
(*Id.* at 4-5.)

17
The Magistrate Judge characterized Ground Four as an argument that the Bureau of

18
Prisons does not get a second bite at the apple, and rejected it.  The Magistrate Judge

19
concluded the remand did not violate Darden's due process rights because an agency has

20
the inherent authority to reconsider its decisions in the absence of a specific statutory

21
limitation. (*Id*. at 6.) The Magistrate Judge also rejected Darden's argument that the

22
regulatory schedule is incompatible with a rehearing and, specifically, his argument that a

23
rehearing is incompatible with sections 541.5(a), 541.8(c), and 541.7(c).  (*Id*. at 7.)

24
Finally, the Magistrate recommended denying Darden's Motion for Discovery,

25

26
[2]      The Magistrate Judge also recommends denying Ground 2 on the merits, finding
that Darden failed to establish that the DHO was biased. (Doc. 24 at 5-6.)  Moreover,
because the DHO at the second hearing was the same DHO who conducted the first hearing,

27
the Magistrate Judge generously construed Darden's Ground 2 claim of bias as also
applying to the October rehearing.  (*Id.* at 5.)  Darden does not challenge the Magistrate

28
Judge's conclusion that Ground 2 lacks merit. (*See generally* Doc. 25.)

1
2
3

Motion for Counsel, and Motion to Strike. (*Id*. at 9.)  With respect to the Motion to Strike, the Magistrate Judge denied Darden's request that any references to the October 7, 2020 rehearing be stricken from Respondent's answer.

4

### h.    Objection to the Report & Recommendation

5
6
7
8
9
10
11
12
13

Darden filed an Objection to the Recommendation on September 2, 2021, and a Rebuttal to the Government's Response to Objections on October 1, 2021. (Docs. 25 & 30.)  Darden argues that the Magistrate Judge erred in finding Grounds 1, 2, and 3 moot. He notes that the Remand Order was delivered to him on October 1, and the remand hearing was held on October 7, 2020. (Doc. 25 at 2-3, 5 n.1.) Because the applicable regulations provided him thirty days to appeal, and the thirty-day period had not expired prior to the rehearing, he contends that the remand order was not final at the time of the October 7, 2020 rehearing, the rehearing is of no effect, and his challenges to the May hearing are not moot.  (*Id.* at 2-3.)

14

## II.    DISCUSSION

15

### a.    Mootness

16
17
18
19
20

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Grounds 1, 2, and 3 are moot because the May 2020 hearing and the sanctions resulting from that hearing have been vacated.  Deficiencies that occurred at the hearing, if any, have been remedied.

21
22
23
24
25

Darden's argument is not really one of mootness.  His argument is that to re-hear the Incident Report would be a continued violation of his procedural due process rights, whether the rehearing occurred in October 2020 or today.  As part of that argument, he contends that the BOP has no authority to remand a disciplinary action for a new hearing. The Court disagrees.

26

### b.    Remand Authority

27
28

The control and management of Federal penal and correctional institutions, including discipline of inmates, is vested in the Attorney General, who is required to

promulgate rules for the governance thereof.  18 U.S.C. § 4001(b)(1).  The Bureau of Prisons, under the direction of the Attorney General, is charged with the management and regulation of all Federal penal and correctional institutions. 18 U.S.C. § 4041(a)(1). Regulations promulgated with this authority specifically authorize the BOP to conduct disciplinary hearings and permit officials reviewing appeals from those hearings to "approve, modify, reverse, or send back with directions, including ordering a rehearing, any action of the UDC or DHO."  Bureau of Prisons, Inmate Discipline Program 35-36 (July 8, 2011), *available at* https://www.bop.gov/policy/progstat/5270_009.pdf.

### c.    Legality of Remand Order

Darden argues that the rehearing could not occur before he exhausted his administrative remedies.  He concludes that, because the Director had not yet considered his argument that the Incident Report could not be re-tried, the rehearing was invalid.  This argument fails for several reasons.

First, Darden's argument was not one that could be considered by the Board.  Under the applicable regulations, the reviewing authority is limited to considering:

● Whether the UDC or DHO substantially complied with regulations on inmate discipline.

● Whether the UDC or DHO based its decision on facts.

● If there was conflicting evidence, whether the decision was based on the greater weight of the evidence.

● Whether an appropriate sanction was imposed or the severity level of the prohibited act, and other relevant circumstances.

(*Id*. § 541.8(i).) And the reviewing official is limited to determining "if the UDC or DHO could have rationally concluded that the evidence supports the decision, not necessarily whether the reviewing official would have made the same decision." (*Id*.)

Second, the BOP's failure to resolve Darden's appeal of the remand order is not an exhaustion of remedies issue. A prisoner is required to exhaust his administrative remedies

1
2
3
4
5
6

before seeking a judicial remedy.  42 U.S.C. § 1997e. The purpose of requiring prisoners to pursue their administrative remedies is to resolve grievances at the agency level. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). A prisoner who fails to exhaust his administrative remedies is barred from seeking judicial recovery. *Id*. at 85. Failure to exhaust does not prevent the BOP from taking appropriate administrative actions to remedy or resolve a dispute.

7
8
9
10
11
12
13
14
15
16
17
18

Third, Darden has not alleged an actionable due process violation.  Darden does not contend that his due process rights were violated at the October rehearing. As the Magistrate Judge explained in her Report, "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and the reasons for disciplinary action." *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987), *cert. denied*, 487 U.S. 1207 (1988).  Darden received his due process protections at the October hearing. To the extent Darden challenges the timing of that hearing, he similarly fails to establish a due process violation. *See Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (failure to comply with a regulation, requiring that a disciplinary hearing be held within a certain time period, would not alone constitute a denial of due process).

19
20
21
22
23
24
25
26
27
28

Importantly, Darden does not assert that he has been prejudiced by the remand or by the BOP's failure to resolve his appeal of the May proceedings before the October rehearing.  *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (concluding prejudice is generally required to establish a denial of due process of law in proceeding pursuant to 28 U.S.C. § 2254); *see also Tien v. Sisto*, Civ. No. 2:07-cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D. Cal. Mar. 26, 2010) (recognizing that "while neither the United States Supreme Court or the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding," and citing *Pilgrim v. Luther*, 571 F.3d 201, 206 (2d Cir. 2009); *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007); *Piggie v.*

*Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Elkin v. Fauver*, 969 F.2d 48, 53 (3d Cir. 1992); *Poon v. Carey*, No. CIV S-05-0801 JAMEFBP, 2008 WL 5381964, at *1 (E.D. Cal. Dec. 22, 2008), *report and recommendation adopted*, No. CIV S-05-801 JAMEFBP, 2009 WL 1258973 (E.D. Cal. May 5, 2009); and *Gonzalez v. Clark*, No. 1:07-CV-0220 AWI JMD HC, 2008 WL 4601495, at *4 (E.D. Cal. Oct. 15, 2008)).

Finally, Darden's argument that a rehearing "only patents" the procedural due process violations that occurred at the May 2020 hearing sounds like a double jeopardy argument.  Such an argument, however, is equally unavailing, because the Double Jeopardy Clause of the Constitution does not apply to prison disciplinary proceedings. *See Breed v. Jones*, 421 U.S. 519, 528 (1975) (the risk to which the Double Jeopardy Clause refers is not present in proceedings that are not "essentially criminal.") (citations omitted); *see also Lemons v. Collins*, 992 F.2d 326 (5th Cir. 1993) (dismissing habeas corpus petition challenging the proceedings in two prison disciplinary incidents because "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

### d.      Motions

Darden challenges the Magistrate Judge's recommendation with respect to the denial of his motion to strike.  His argues that the motion to strike all references to the October 7, 2020 hearing should have been granted because of the illegitimacy of the hearing. (Doc. 25 at 12.) Because the Court concludes that the remand order was a proper exercise of the Board's authority, the Court will adopt the Magistrate Judge's recommendation to deny the Motion to Strike.

## III.    Certificate of Appealability

Magistrate Judge Bowman recommends that the Court deny a certificate of appealability (COA). A certificate of appealability is issued only when Petitioner "has made a substantial showing of a constitutional right." 28 U.S.C. § 2253 (c)(2). And for a COA to issue, "jurists of reason" must be able to "disagree with the district court's resolution of his [case] or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). Applying these standards, the Court concludes that a certificate should not issue, as resolution of the petition is not debatable among reasonable jurists.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 24) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Claim for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Discovery, Motion for Counsel, and Motion to Strike (Docs. 15-17) are **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Respond to Government's Response to Objections (Doc. 29) is **GRANTED..**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

The Clerk of Court shall enter judgment accordingly.

Dated this 26th day of January, 2022.

Honorable Jennifer G. Zipps
United States District Judge